# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER HASTINGS,  )<br> )<br>Petitioner,  )<br> )<br>vs.  )<br> )<br>ARCHIE B. LONGLEY, Warden,  )<br> )<br>Respondent.  ) | Civil Action No. 10-80E<br><br>Magistrate Judge Maureen P. Kelly |

## OPINION AND ORDER

Christopher Hastings ("Petitioner") is currently incarcerated at the Federal Correctional Institution in McKean, which is located within this judicial district. He is serving a sentence of 300 months imposed by the United States District Court for the District of South Carolina ("the Sentencing Court") for drug convictions obtained in January 1999 when he pleaded guilty pursuant to a plea bargain.

Petitioner has filed what purports to be a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of his sentence as imposed. Petitioner makes two claims in the Petition. First, he claims that he was wrongfully found to be in possession of 5 kilograms of cocaine and his sentence was enhanced accordingly, when, in fact, he only pleaded guilty to being in possession of more than 3.5 but less than 4.5 kilograms of cocaine. Second, Petitioner claims that he is actually innocent of the "career criminal" enhancement of his sentence.

Because Petitioner cannot show that a Section 2255 motion is inadequate or ineffective to test the validity of his sentence as imposed, the Petition must be dismissed as jurisdictionally

improper. Petitioner has failed to show why he could not have previously brought the two claims that he now raises herein. In the alternative, the Petition is an abuse of the writ and should be dismissed because Petitioner brought at least one of these claims before (i.e., the claim he was actually innocent of the career criminal enhancement) and/or because he could have also brought the second claim previously.

## I. FACTUAL AND PROCEDURAL HISTORY

This current Petition is just the latest in a series of post-conviction attacks that Petitioner has mounted. In disposing of this Petition, the Court takes judicial notice of the docket and filings in U.S.A. v. Christopher Hastings, No. 2:98-cr-00600-PMD-1 (D.S.C.). The Sentencing Court in one of its opinions summarized the facts and procedural history as follows:

> In 2008, Petitioner was apprehended in a control transaction involving a substantial amount of illegal drugs. Petitioner, along with a co-conspirator, was subsequently indicted for a conspiracy to possess with intent to distribute cocaine and marijuana, and possession with intent to distribute cocaine and marijuana. On January 20, 2009, Petitioner pled guilty to the conspiracy charge, and agreed in the plea agreement that the Government would file an Information pursuant to 21 U.S.C. § 851 "based upon a prior felony drug conviction for possession of a narcotic controlled substance in Bakersfield, California." The previous conviction in question took place in 1988. Also in the plea agreement, Petitioner specifically stipulated that he was personally responsible for between 3.5 and 4.5 kilograms of cocaine.
> The Government did, in fact, file a § 851 Information which notified Petitioner that he was subject to increased criminal penalties because of his prior criminal record. On June 30, 1999, this Court found that Petitioner was a career offender, and therefore sentenced him to 300 months of imprisonment. Petitioner appealed this sentence to the United States Court of Appeals for the Fourth Circuit, claiming that this Court should not have sentenced him as a career offender. In an unpublished per curiam opinion issued on May 24, 2000, the Fourth Circuit affirmed this Court's sentence.
> On June 28, 2001, Petitioner filed a Petition for habeas corpus relief pursuant to 28 U.S.C. § 2255, [in Hastings v. U.S., Civ.A.No. 01-2783 (D.S.C.) (the "June 2001 Motion")] challenging his 1988 conviction and sentence. On July 29, 2002, this Court filed an Order dismissing his habeas petition as untimely. Petitioner appealed this Court's decision to the Fourth Circuit, and the Fourth Circuit, in a decision dated May 21, 2003, citing to the fact that the precedent

2

relied upon by this Court had been overruled in the interim, vacated and remanded Petitioner's case back to this Court for further consideration. On September 9, 2003, this Court issued another Order denying Petitioner's claims for habeas relief, including several claims that his counsel for the 1988 conviction had been ineffective. Petitioner appealed this Court's Order, and in an unpublished per curiam decision issued on June 18, 2004, the Fourth Circuit affirmed this Court's dismissal of Petitioner's habeas claim.

On December 19, 2005, Petitioner submitted another claim for habeas relief pursuant to § 2255, [in Hastings v. U.S., Civ.A. No. 05-3584 (D.S.C.) (the "December 2005 Motion")] asserting that this Court's determination that Petitioner was a career offender violated his Sixth Amendment rights, and violated the recently decided Supreme Court cases of *Blakely* and *Booker*, which had not been decided at the time of Petitioner's sentencing. Since this was a successive habeas petition, this Court dismissed Petitioner's petition without prejudice so that he could seek leave from the Fourth Circuit to file a successive petition. In an unpublished per curiam opinion on February 21, 2007, the Fourth Circuit denied Petitioner's appeal, finding that he had not made the requisite showing for a certificate of appealability.

Petitioner filed the present Motion to Vacate pursuant to § 2255 on November 3, 2008. The Government filed a Response in Opposition to Petitioner's petition on December 18, 2008.

U.S.A. v. Christopher Hastings, No. 2:98-cr-00600-PMD-1 (D.S.C. ECF No. 63 at 1 to 3, filed 6/29/2009) ("the June 2009 Opinion").

The June 2009 Opinion was addressing a "Motion to Vacate Sentence Under 'Savings Clause' Title 28 United States Code, 2255(e) by Federal Prisoner" ("the November 2008 Motion") Id. (ECF No. 53, filed 11/3/2008). In that November 2008 Motion, Petitioner argued that he was "actually and factually innocent of the sentence which was imposed under an Unconstitutional Regime back in 1999. Petitioner argues that he is innocent of the career offender provision of the guidelines that were used in 1999 because, the mandatory use of the guidelines have been deemed Unconstitutional[.]" Id., (ECF No. 53-1 at 2). This is the same issue that Petitioner raises in the Petition pending before this Court. ECF No. 10 at 8 ("Petitioner argues that he is actually and factually innocent of the mandatory use of the

3

guidelines due to the intervening change in the law, which held that its mandatory use violates one's rights. The mandatory use of the guidelines regime has ended."). The Sentencing Court in its June 2009 opinion dismissed Petitioner's November 2008 motion as being a second or successive Section 2255 motion that was filed without leave of the United States Court of Appeals for the Fourth Circuit and, alternatively as being meritless, since the holding of <u>United States v. Booker</u>, 543 U.S. 220 (2005) that the mandatory Sentencing Guidelines were unconstitutional, did not apply retroactively to cases that had become final prior to the <u>Booker</u> decision, as had Petitioner's conviction. <u>U.S.A. v. Christopher Hastings</u>, No. 2:98-cr-00600-PMD-1 (D.S.C. ECF No. 63). Thereafter, Petitioner sought a certificate of appealability from the Court of Appeals for the Fourth Circuit, which denied the same. <u>U.S. v. Hastings</u>, No. 09-7304 (4th Cir. ECF No. 11 filed 12/28/2009). The Mandate of the Court of Appeals for the Fourth Circuit did not issue until February 19, 2010. <u>Id</u>. (ECF No. 13).

Soon after the issuance of the Mandate, Petitioner initiated the current proceedings in this Court on April 7, 2010. The Petition was formally docketed. ECF No. 4. The Respondent filed an Answer, wherein he pointed out that the Petition was jurisdictionally improper. ECF No. 8. Petitioner then filed a Reply to the Answer. ECF No. 10. Subsequently, Petitioner also filed a "Statement and Argument Establishing the Court's Subject Matter Jurisdiction." ECF No. 12. In June 2011, the case was reassigned to the undersigned. In February 2012, Petitioner filed a Motion for Summary Judgment. ECF No. 14.

Both parties have consented to having the Magistrate Judge exercise plenary jurisdiction. ECF Nos. 5, 11.

## II. DISCUSSION

The Petition should be dismissed for one of two independent reasons. First, because

Petitioner raised herein the same or very similar claim he previously raised, namely being actually innocent of the career criminal enhancement, and because he could have raised the other issue previously, i.e., the claim that he was not responsible for 5 kilograms but only at most 4.5 kilograms,[1] the present Petition constitutes an abuse of the writ. Alternatively, Petitioner simply cannot establish that Section 2255 is inadequate or ineffective to test the validity of his sentence as imposed, so as to permit him to bring this Section 2241 petition.

### A. ABUSE OF THE WRIT

We find that the present Section 2241 Petition constitutes an abuse of the writ and should be dismissed as such because Petitioner raises herein the same claim of career criminal enhancement that he raised in the November 2008 Motion, which was dismissed by the Sentencing Court. In addition, with due diligence, Petitioner could have previously raised (or, at least, he fails to explain why he could not have previously raised) the issue of the 5 kilogram amount. Since both issues were or could have been raised in his previous post conviction attacks, the present Petition constitutes an abuse of the writ. Millhouse v. Zickefoose, 440 F.App'x 94, 95 (3d Cir. 2011) ("The District Court determined that Millhouse's claims again challenged the fact of his conviction, and dismissed the petition for lack of jurisdiction. It further concluded that the petition constituted an abuse of the writ because Millhouse had raised the

---

[1] See, e.g., Hasting Hastings v. U.S., Civ.A. No. 05-3584 (D.S.C. ECF No. 8 at 8) wherein Petitioner stated the following: "The Petitioner pled guilty to 3.5 but less 4.5 kilos of powder cocaine period that is well established the Justice Dept. has conceded to this fact. Therefore this calls for a guideline level 26 to start with for under 5 kilo's [sic] of powder cocaine. Then to add the 851 enhancement this results in a 10 year sentence period. Five years for less than 5 kilos or powder then five more for the 851 results in 10 years not 300 months." Since Petitioner knew that his sentence was greater than that allegedly permitted by a finding that he was responsible for, at most, 4.5 kilograms, he was under a duty of inquiry as to why and he should have discovered the fact that he was allegedly being wrongly held responsible for 5 kilograms of
footnote continued

same claims in prior § 2241 petitions."), *cert. dismissed*, __ U.S. __, 132 S.Ct. 440 (U.S. Oct. 11, 2011); Jung v. U.S., 988 F.2d 120 (Table), 1993 WL 33857, at *1 (9th Cir. 1993) ("To prevent abuse of the writ, however, the federal court retains discretion to refuse to consider a claim presented in a section 2255 petition if the claim has been previously presented."); Jeffers v. Clark, 985 F.2d 563 (Table), 1993 WL 20070, at *1 (7th Cir. 1993) ("Successive petitions under 28 U.S.C. § 2254 constitute an abuse of the writ if they fail to allege new or different grounds, or if the claim could have been raised in the earlier petition.").

### B. PETITIONER CANNOT SHOW SECTION 2255 IS INADEQUATE.

In the alternative, we find that Petitioner has failed to carry his burden to show that a Section 2255 motion is inadequate or ineffective to challenge the validity of his conviction so as to permit him to file this present Section 2241 petition in order to challenge the validity of his sentence as imposed.

#### 1. SECTION 2241 VS. SECTION 2255

Petitioner seeks to attack the validity of his sentence as imposed, arguing that the sentence was wrongfully enhanced based on him being a career criminal and based on the fact that he apparently was sentenced using 5 kilograms when he pleaded guilty to no more than 4.5 kilograms of cocaine powder. As a general rule, attacks by federal convicts on the validity of the conviction and/or on the validity of the sentence as imposed (in contrast to a challenge to the sentence as administered, e.g., the application of credits to the sentence), are properly brought under a Section 2255 motion in the federal district court where the federal prisoner was convicted and sentenced. In re Nwanze, 242 F.3d 521, 523 (3d Cir. 2001) ("ordinarily a

---

powder cocaine.

petitioner should advance a challenge to a conviction and sentence through the means of a motion under section 2255 in the sentencing court.").

In contrast, as a general rule, a petition under Section 2241 is properly brought where the federal convict is seeking to challenge the carrying out or the execution of his sentence (e.g., the calculation of good time credits, the running of the sentence, the calculation of the ending date, etc.) and is filed in the federal court of the judicial district where the federal convict is then incarcerated. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Bennet v. Soto, 850 F.2d 161 (3d Cir. 1988); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

This is only a general rule and there are instances where a Section 2241 petition which attacks the validity of the conviction and/or the validity of the sentence as imposed, as Petitioner herein does, may properly be brought. However, a Section 2241 Petition, which attacks the validity of the conviction and/or the validity of the sentence as imposed may only be brought after it has been shown that Section 2255 is an inadequate or ineffective remedy. See 28 U.S.C. § 2255 (5th paragraph); In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997).

The statutory provisions governing this case provides in pertinent part that:

> [a]n application for a writ of habeas corpus [i.e., a Section 2241 petition[2]] in behalf of a prisoner who is authorized to apply for relief by motion [i.e., Section 2255 petition] pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

[2] Alamin v. Gerlinski, 30 F.Supp.2d 464, 467 (M.D. Pa. 1998) (construing the language "application for a writ of habeas corpus" to mean a Section 2241 petition, noting that the above quoted passage "allows the filing of a habeas (i.e., a 2241) petition when relief under section 2255 'is inadequate or ineffective to test the legality of [the] detention.'" ); United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999) (describing this quoted passage as "the limitation on the use of § 2241 petitions by federal prisoners that is set forth in § 2255").

28 U.S.C. § 2255.[3] Thus, before federal convicts can avail themselves of a Section 2241 petition in order to attack the validity of their conviction and/or the sentence as imposed, they must show that section 2255 is inadequate or ineffective. Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000) ("Accordingly, a section 2241 petition that seeks to challenge a federal sentence or conviction–thereby effectively acting as a section 2255 motion–may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective.") (citations omitted). It is the burden of the Petitioner to prove that a motion under Section 2255 is inadequate or ineffective. Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective.")(per curiam). In this case, Petitioner has not met the requisite burden.

As explained below, petitioners cannot meet this burden of showing a Section 2255 motion is inadequate or ineffective merely by showing that they are prevented from passing through the gatekeeping requirements of 28 U.S.C. § 2255(h). Instead, in order to establish that Section 2255 is inadequate or ineffective, petitioners must show that they are actually innocent and that they had no prior opportunity to bring such a claim of being actually innocent.

### 2. FAILURE TO MEET SECTION 2255(h) GATEKEEPING PROVISION IS INSUFFICIENT

Petitioner cannot meet the gate keeping requirements of Section 2255(h)[4] as

---

[3] This passage which permits an attack on the conviction or on the sentence, as imposed, via a Section 2241 petition where a Section 2255 petition would be inadequate or ineffective is commonly referred to as the "savings clause[,]" Pack v. Yussuf, 218 F.3d 448, 452 (5th Cir. 2000), or as the "safety valve." United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

[4] The gate keeping provision is found in 28 U.S.C. Section 2255(h), and permits a federal convict to seek leave of the Court of Appeals to file a second or successive Section 2255 motion

demonstrated by the repeated rebuffs from the Sentencing Court and the United States Court of Appeals for the Fourth Circuit, and, therefore, cannot file another Section 2255. However, just because Petitioner cannot meet the gatekeeping requirements, does not mean that he has established the inadequacy of the Section 2255 motion. In re Dorsainvil, 119 F.3d at 251 ("We do not suggest that § 2255 would be 'inadequate or ineffective' so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255." ); Pack v. Yussuf, 218 F.3d at 453; Atkinson v. Zickefoose, 443 F.App'x 690, 691 (3d Cir. 2011) ("The 'inadequate or ineffective' exception is narrow, and does not apply simply because a petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."); Charles v. Chandler, 180 F.3d 753, 755 (6th Cir. 1999). Petitioner has the burden to establish more than merely that he cannot pass through the gatekeeping requirements.

### 3. **DORSAINVIL REQUIRES ACTUAL INNOCENCE PLUS NO PRIOR OPPORTUNITY.**

The United States Court of Appeals for the Third Circuit in the landmark case of In re

---

in the sentencing court only under the limited circumstances as provided below:

> (h) A second or successive motion must be certified as provided in section 2244
> by a panel of the appropriate court of appeals to contain--
>     (1) newly discovered evidence that, if proven and viewed in light of
>     the evidence as a whole, would be sufficient to establish by clear and
>     convincing evidence that no reasonable factfinder would have found
>     the movant guilty of the offense; or
>     (2) a new rule of constitutional law, made retroactive to cases on
>     collateral review by the Supreme Court, that was previously
>     unavailable.

9

Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997) explained what more is required in order to show that a Section 2255 motion is inadequate or ineffective so as to utilize a Section 2241 petition in order to attack the validity of a conviction and/or sentence as imposed. See Pollard v. Yost, 406 F.App'x 635, 637 (3d Cir. 2011), *cert. den.*, 131 S.Ct. 3080 (June 27, 2011) (in order to come within the Dorsainvil exception, there must be not only a claim of actual innocence but a "claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the last word on the proper construction of the statute[,]" which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal), *cert. den.*, 131 S.Ct. 3080 (2011). See also Walker v. Williamson, 235 F.App'x 888, 889 (3d Cir. 2007) ("Further, the 'safety valve' by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. *See Okereke*, 307 F.3d at 120 (*citing In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997)). Such is not the case here."). While this seems to be the narrow rule established in Dorsainvil, i.e., one who brings such a claim of actual innocence based on an intervening change of the law which occurred after a Section 2255 has been decided or the time for filing such has run out, has established the inadequacy of Section 2255, Dorsainvil does not answer the question of whether this is the **only** kind of claim of actual innocence that so establishes the inadequacy of Section 2255. Dorsainvil, 119 F.3d at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow one. In the posture of the case before us, we need go no further to consider the other situations, if any, in which the 'inadequate or ineffective' language of § 2255 may be applicable.").

## 4. PETITIONER FAILS TO SHOW THAT HE COMES WITHIN DORSAINVIL.

We find that Petitioner's arguments fail to bring him within the rationale underlying Dorsainvil. Petitioner's arguments fail under both the "inability to previously bring the claim" test of Dorsainvil as well as the "actual innocence" test of Dorsainvil.

### (a) Petitioner fails to show that he could not have previously raised the claims.

For reasons similar to the reasons we found the Petition constitutes an abuse of the writ, we likewise find that Petitioner fails under the "inability to have previously brought the claim" test of Dorsainvil.

The analysis under the Abuse of the Writ amply demonstrates that Petitioner had already raised the career criminal enhancement claim and that, with reasonable diligence, he certainly could have raised the issue of the 5 kilograms previously. At the very least, Petitioner does not explain why at the time of the sentencing, or shortly thereafter, he could not have discovered the so-called error in the amount. Hence, he cannot meet the Dorsainvil test that he had no prior opportunity to raise these two claims.

### (b) Petitioner fails to show actual innocence

Alternatively, even if we deemed that Petitioner could not have previously brought the present claims, Petitioner cannot establish that he is "actually innocent" of the allegedly erroneously enhanced sentence.

The recent holding of the Third Circuit Court of Appeals in Exinia v. United States, __ F.App'x __, 2012 WL 90185 (3d Cir. 2012), *cert. den.*, __ U.S. __, 2012 WL 645832 (April 2, 2012) applies equally here. The Court of Appeals explained as follows:

> At issue now, on September 21, 2011, Exinia filed a petition for writ of

11

> habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Middle District of Pennsylvania, in which he challenged the legality of his 50–year sentence on the ground that it was based on a drug amount to which he did not plead guilty. He argued that he was guilty of the drug amounts in Count 1, but he was sentenced based on the drug amounts in Count 2, a count which was dismissed pursuant to the plea. Exinia challenged the jurisdiction of the sentencing court to impose the sentence, and he argued that he could resort to federal habeas corpus because he is actually innocent of the sentence, and because a section 2255 motion has proven to inadequate in his case. Exinia attached to his petition numerous exhibits (but not his plea agreement), chronicling the history of his criminal and appellate proceedings.
>
> The Magistrate Judge, giving preliminary consideration to the petition under habeas Rule 4, recommended that Exinia's habeas corpus petition be dismissed for lack of jurisdiction, because the section 2255 remedy is adequate for testing a claim that the quantity of drugs involved in Exinia's case was not submitted to the jury and proven beyond a reasonable doubt. Exinia submitted Objections, arguing that section 2255 has a "savings clause" or "escape hatch," for persons who are actually innocent of their convictions or sentences. In an order entered on November 2, 2011, the District Court adopted the Report and Recommendation and dismissed the habeas corpus petition for lack of jurisdiction.
>
> . . . .
>
> Exinia seeks to collaterally attack his 2006 sentence in a federal habeas corpus petition. His claim of innocence amounts only to an assertion that his sentence was improperly calculated. As explained by the District Court, the sentencing claim does not fall within the purview of the savings clause. See *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir.2002) (*Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal). In *Dorsainvil*, 119 F.3d at 251, we held that a petitioner could seek relief under 28 U.S.C. § 2241 in an unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, *see id*. at 252, and where he had no prior opportunity to present his claim. Exinia does not allege that his controlled substances conduct is now regarded as non-criminal, and he had a prior opportunity to challenge the legality of his plea agreement, and specifically the appellate waiver and his claim of an illegal sentence. Accordingly, the District Court was without jurisdiction to entertain Exinia's federal habeas corpus petition.

Exinia, 2012 WL 90185 at 1 to 3. We can say it no better than the Court of Appeals. We find that Petitioner's case is "on all fours" with Exinia so as to require the same result as obtained therein. Accordingly, the Petition will be dismissed for lack of jurisdiction in this Court to

12

entertain his claims.

### III. CONCLUSION

Petitioner fails to establish either prong of the Dorsainvil test. Having failed to bring himself within the Dorsainvil rule, we do not find that Petitioner's circumstances justify recognizing any exception in addition to the Dorsainvil rule so as to permit him to file this Section 2241 petition in order to attack the validity of his sentence as imposed. Hence, the Petition is hereby **DISMISSED** as an abuse of the writ and/or as being jurisdictionally improper. To the extent that one would be needed, a certificate of appealability is **DENIED**. All pending motions are denied as moot. The Clerk is to mark the case closed.

BY THE COURT:

s/ Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Date: April 26, 2012.

cc: CHRISTOPHER HASTINGS
92768-071
FCI MCKEAN
PO BOX 8000
BRADFORD, PA 16701

All Counsel of Record via CM-ECF